UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terrence M. CARTER,<br><br>                       Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                       Defendant. | Case No.: 20-cv-0525-JAH-AGS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF 15) WITHOUT PREJUDICE** |

      Plaintiff Terrence Carter seeks appointment of counsel based on his serious medical conditions. He suffers from cardiovascular problems and claims that he "is at a[n] extremely high risk of se[]vere illness or death if he comes in contact with Covid 19." (ECF 15, at 1.) Also, he maintains that he is "not a well trained attorney or educated with the procedures of law whatsoever," and so "prays for appointment of counsel . . . ." (*Id.*)

      "Generally, a person has no right to counsel in civil actions," *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and even under the statutory authority to recruit counsel in civil cases—28 U.S.C. § 1915(e)(1)—the Court cannot force counsel to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that § 1915 "does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

      Carter has not shown exceptional circumstances. The likelihood of success on the merits is unclear at present. The complaint was authorized for service, but it doesn't appear from the record that it has been served yet, so no answer has been filed. (*See* ECF 7.) Moreover, Carter's excessive-force claim is, like most such claims, not particularly

complex. *See Price v. Kamer*, 993 F. Supp. 1295, 1298 (C.D. Cal. 1997) ("With rare exceptions, excessive force cases are simple, rather than complex cases. Excessive force cases almost always involve very few events which happened over a very short time span. There tend to be relatively few witnesses, and the dispositive disputes almost always involve the credibility of witnesses." (emphasis omitted)). Indeed, although the Court does not discredit or seek to minimize the difficulty Carter is suffering from his surgery, nothing in the one page of attached records suggest his condition is so severe as to prevent him from representing himself. Indeed, the record suggests the doctor is "very pleased with [Carter's] progress" in recovery. (ECF 15, at 2.)

Although the Court denies the current request for recruited counsel, it does so without prejudice. Should matters change, Carter is welcome to seek counsel again at that time.

Dated: July 15, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge