UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MACK CARTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:23-cv-00352-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS BUT GRANT PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. No. 26)<br><br>FOURTEEN DAY DEADLINE |

Pending before the Court is Defendant United States of America's Motion to Dismiss Plaintiff's Complaint filed on October 25, 2022. (Doc. No. 26, "Motion"). Plaintiff filed an Opposition (Doc. No. 31), and Defendant filed a Reply (Doc. No. 32). For reasons set forth below, the undersigned recommends that the district court grant the Motion but permit Plaintiff leave to file a second amended complaint.

**BACKGROUND**

Plaintiff, a federal prisoner, initiated this action by filing a pro se complaint in the United States District Court for the Southern District of California on March 19, 2020. (Doc. No. 1). Plaintiff is proceeding on his First Amended Complaint filed on June 23, 2020, which alleges a claim under the Federal Tort Claims Act stemming from an alleged battery that occurred in October 2019 at FCI Mendota. (*See generally*, Doc. No. 6).

Defendant's pending Motion seeks dismissal of Plaintiff's FAC under two distinct

1

theories. First, Defendants sought dismissal under Fed. R. Civ. P. 12(b)(3) on the basis that venue for this action was improper in the Southern District of California because the events giving rise to Plaintiff's claim took place at FCI Mendota, which is in the Eastern District of California. (Doc. No. 26 at 4). Second, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) because "there is no indication that Plaintiff timely initiated the administrative process that is a prerequisite to filing an FTCA claim under 28 U.S.C. § 2401(b)." (*Id*. at 5). On March 9, 2022, the Southern District of California transferred this case to this Court. (Doc. No. 33). The Southern District's transfer order renders moot Defendant's first ground for dismissal. As noted by the transferor court, Defendant's Motion remains pending on the second ground—whether Plaintiff timely initiated the administrative process, which is a prerequisite to bringing a FTCA claim. (Doc. No. 33-1 at 2).

**APPLICABLE LAW AND ANALYSIS**

The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and it must be affirmatively alleged in the complaint. *See McNeil v. United States*, 508 U.S. 106, 111 (1993). A plaintiff has the burden to plead and prove compliance with the FTCA administrative claim requirements. *Gillespie v. Civiletti*, 629 F. 2d 637, 640 (9th Cir. 1980) (timely filing and denial of an administrative claim is jurisdictional to bring suit under the FTCA and must be alleged in the complaint). *See also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury.").

Plaintiff's FAC, the operative complaint, does not affirmatively plead the timely filing of an administrative claim. (*See generally* Doc. No. 6). "An amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Notably, in his initial Complaint, Plaintiff avers that "[a]n Administrative Tort Claim has been filed with the appropriate federal agency" and refers to Exhibit A. (Doc. No. 1 at 2). And, in his opposition to the Motion, Plaintiff points to Exhibit A to his original

2

Complaint as evidence that he did timely present his claim to appropriate officials. (Doc. No. 31 at 2). Exhibit A is a letter, dated November 19, 2019, from the Western Regional Counsel for the Bureau of Prisons regarding a FTCA claim submitted by Plaintiff "for alleged injury caused by staff at Federal Correctional Institution, Mendota, California." (Doc. No. 1 at 4). Counsel for BOP notes that his office received Plaintiff's claim on November 13, 2019. The letter states in pertinent part:

> Your claim is denied as it contains no allegation of injury to or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employees of the agency while acting within the scope of his or her office or employment, for which the United States is liable.

(Doc. No. 1 at 4). On its face, the letter appears to reflect: (1) Plaintiff presented his FTCA claim with the applicable federal agency; and (2) it was rejected within a week of being submitted. Plaintiff thereafter initiated this action on March 19, 2020—within the six-month period of the date of the denial. Thus, it appears Plaintiff both timely presented and timely filed his claim despite failing to plead the timely filing of an administrative claim in his FAC. *See* 28 U.S.C. §§ 2401(b), 2675(a).

**CONCLUSION**

Because Plaintiff failed to affirmatively plead that he complied with the administrative requirement in his FAC, the Motion should be granted and the FAC dismissed. Nonetheless, if a pro se complaint is dismissed for failure to state a claim, the court must "freely grant leave to amend" if it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging different or new facts. *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citation omitted). Thus, the district court should dismiss the FAC but grant Plaintiff leave to amend.

Accordingly, it is **RECOMMENDED**:

Defendant's Motion to Dismiss (Doc. No. 26) be GRANTED and Plaintiff's First Amended Complaint (Doc. No. 6) be dismissed with Plaintiff granted leave to file a second

amended complaint within twenty-one (21) days of the district court's adoption of these Findings and Recommendations.

**NOTICE**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE