UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MACK CARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No.  1:23-cv-00352-NODJ-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO COMPEL DISCOVERY<br><br>(Doc. No. 43)<br><br>FEBRUARY 23, 2024 DEADLINE |

　　　　On September 22, 2023, the district court adopted the undersigned's Findings and Recommendation (Doc. No. 39) and granted Defendant's motion to dismiss but permitted Plaintiff an opportunity to file a second amended complaint. (Doc. No. 40).  After being granted an extension of time to file a second amended complaint, Plaintiff filed a pleading entitled "First Amended Complaint and Motion for an Order to Compel" on November 20, 2023.  (Doc. No. 43, "Motion").  Defendant did not file any response to the pleading.

　　　　Upon sua sponte review and although labeled as such, the pleading is not a free-standing amended complaint.  Rather, in the pleading Plaintiff complains that the Bureau of Prisons General Counsel's office has not responded to his "numerous letters" seeking documents related to the exhaustion of his Federal Tort Claims Act ("FTCA") claim.  (*Id*. at 3-4).  Plaintiff states until he obtains the requested documents, he is unable to file an amended complaint as directed by

the district court in its September 22, 2023 Order. (*Id*. at 4). Liberally construed, the pleading is a motion to compel certain discovery.[1] For the reasons set forth below, the Court denies the motion.

At the pleading stage, Plaintiff is not required to <u>prove</u> exhaustion under the FTCA. Plaintiff may simply plead compliance with the exhaustion requirement of the FTCA. *See Gartner v. S.E.C.*, 913 F. Supp. 1372, 1381 (C.D. Cal. 1995), citing *Hutchinson v. United States*, 677 F.2d 1332, 1327 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d at 640 (9th Cir. 1980). If necessary, Plaintiff may later request through discovery any documents necessary to demonstrate compliance with the FTCA's exhaustion requirement should the exhaustion issue be raised as a jurisdictional defense. Thus, Plaintiff's motion to compel is premature.

Additionally, as set forth in the Court's March 9, 2023 First Informational Order in Prisoner/Civil Detainee Civil Rights Cases, no discovery may be initiated until the Court issues a discovery order. *See* Doc. No. 35 at 4, V.A. Here, the Court has not yet issued a discovery order.

Further, Plaintiff's motion is facially deficient. Under the Federal Rules of Civil Procedure and local rules of this Court, a party must confer or attempt to confer with the opposing party to resolve a discovery dispute before filing a motion to compel. Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 251(b). *See also* Doc. No. 35 at 4-5, V.E (appraising the parties of the meet and confer requirement). Plaintiff has failed to comply with the meet and confer mandate. Because Plaintiff failed to comply with the meet and confer requirement before filing his motion to compel, the motion is facially deficient, and the Court will also deny it on that basis.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to compel discovery (Doc. No. 43) is DENIED.
2. No later than February 23, 2024, Plaintiff shall deliver to correctional officials for mailing a Second Amended Complaint.
3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id*.

comply, the Court will recommend the district court² dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

Dated: January 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

² On December 1, 2023, this case was temporarily reassigned to the No District Judge ("NODJ") docket due to the elevation of U.S. District Judge Ana I. de Alba to the Ninth Circuit Court of Appeals. (Doc. No. 44). Thus, until this case is reassigned to a new judge, any dispositive motions will remain pending.